IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MATTHEW LAFFER

    *Plaintiff,*

V.

TRANS UNION, LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.;
CHASE, NA D/B/A CHASE BP PRIVATE
LABEL; BANK OF AMERICA
CORPORATION; BARCLAYS BANK
DELAWARE; GE CAPITAL RETAIL BANK
D/B/A GECRB/OLD NAVY; DEPARTMENT
STORES NATIONAL BANK D/B/A
DSNB/MACYS & TARGET NATIONAL
BANK D/B/A TNB-VISA

    *Defendants.*

CIVIL ACTION NO. 12-2313

**ANSWER OF DEFENDANT, GE CAPITAL RETAIL BANK TO
PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES
AND COUNTERCLAIM**

    Defendant, GE Capital Retail Bank, improperly pled as GE Capital Retail Bank d/b/a GECRB/Old Navy ("GECRB"), by and through its attorneys, Lavin, O'Neil, Ricci, Cedrone & DiSipio, hereby answers plaintiff's Complaint as follows:

**PRELIMINARY STATEMENT**

    1.    Denied. This paragraph represents conclusions of law to which no responsive pleading is required.

**JURISDICTION & VENUE**

    2.    Denied. This paragraph represents conclusions of law to which no responsive pleading is required.

3. Denied. This paragraph represents conclusions of law to which no responsive pleading is required.

## THE PARTIES

4. Denied. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Complaint, hence, they are denied.

5. Denied. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Complaint, hence, they are denied.

6. Denied. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Complaint, hence, they are denied.

7. Denied. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Complaint, hence, they are denied.

8. Denied. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Complaint, hence, they are denied.

9. Denied. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Complaint, hence, they are denied.

10. Denied as stated. It is admitted that GECRB is a business entity which regularly conducts business in Eastern District of Pennsylvania. It is denied that GECRB does business as

Old Navy. GECRB's principal place of business is 170 West Election Road, Suite 125, Draper, UT 84020.

11. Denied. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Complaint, hence, they are denied.

12. Denied. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Complaint, hence, they are denied.

### FACTUAL ALLEGATIONS

13. Denied. To the extent the averments of this paragraph of plaintiff's Complaint are addressed to answering defendant, answering defendant denies generally and specifically each and every averment contained herein. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments contained in the balance of this paragraph of plaintiff's Complaint, hence, they are denied.

14. Denied. To the extent the averments of this paragraph of plaintiff's Complaint are addressed to answering defendant, answering defendant denies generally and specifically each and every averment contained herein. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments contained in the balance of this paragraph of plaintiff's Complaint, hence, they are denied.

15. Denied. To the extent the averments of this paragraph of plaintiff's Complaint are addressed to answering defendant, answering defendant denies generally and specifically each and every averment contained herein. Answering defendant after reasonable investigation is

without knowledge or information sufficient to form a belief as to the truth of the balance of the averments contained in the balance of this paragraph of plaintiff's Complaint, hence, they are denied.

16. Denied. To the extent the averments of this paragraph of plaintiff's Complaint are addressed to answering defendant, answering defendant denies generally and specifically each and every averment contained herein. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments contained in the balance of this paragraph of plaintiff's Complaint, hence, they are denied.

17. Denied. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Complaint, hence, they are denied.

18. Denied. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Complaint, hence, they are denied.

19. Denied. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Complaint, hence, they are denied.

20. Denied. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Complaint, hence, they are denied.

21. Denied. To the extent the averments of this paragraph of plaintiff's Complaint are addressed to answering defendant, answering defendant denies generally and specifically ach and

every averment contained herein. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments contained in the balance of this paragraph of plaintiff's Complaint, hence, they are denied.

22. Denied. To the extent the averments of this paragraph of plaintiff's Complaint are addressed to answering defendant, answering defendant denies generally and specifically each and every averment contained herein. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments contained in the balance of this paragraph of plaintiff's Complaint, hence, they are denied.

23. Denied. To the extent the averments of this paragraph of plaintiff's Complaint are addressed to answering defendant, answering defendant denies generally and specifically each and every averment contained herein. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments contained in this paragraph of plaintiff's Complaint, hence, they are denied.

24. Denied. To the extent the averments of this paragraph of plaintiff's Complaint are addressed to answering defendant, answering defendant denies generally and specifically each and every averment contained herein. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments contained in this paragraph of plaintiff's Complaint, hence, they are denied.

25. Denied. To the extent the averments of this paragraph of plaintiff's Complaint are addressed to answering defendant, answering defendant denies generally and specifically each and every averment contained herein. Answering defendant after reasonable investigation is

without knowledge or information sufficient to form a belief as to the truth of the balance of the averments contained in this paragraph of plaintiff's Complaint, hence, they are denied.

### COUNT I – TRANS UNION AND EXPERIAN
### VIOLATIONS OF THE FCRA

26. Answering defendant incorporates by reference herein its answers to paragraphs 1 through 25 of plaintiff's Complaint as though said answers were fully set forth herein.

27. Denied. The allegations contained in this paragraph of plaintiff's Complaint are addressed to a party other than answering defendant so therefore no response is required under the Federal Rules of Civil Procedure.

28. Denied. The allegations contained in this paragraph of plaintiff's Complaint are addressed to a party other than answering defendant so therefore no response is required under the Federal Rules of Civil Procedure.

29. Denied. The allegations contained in this paragraph of plaintiff's Complaint are addressed to a party other than answering defendant so therefore no response is required under the Federal Rules of Civil Procedure.

30. Denied. The allegations contained in this paragraph of plaintiff's Complaint are addressed to a party other than answering defendant so therefore no response is required under the Federal Rules of Civil Procedure.

31. Denied. The allegations contained in this paragraph of plaintiff's Complaint are addressed to a party other than answering defendant so therefore no response is required under the Federal Rules of Civil Procedure.

### COUNT II - CHASE, BOA, BARCLAYS, GECRB, DSNB AND TARGET
### VIOLATIONS OF THE FCRA

32. Answering defendant incorporates by reference herein its answers to paragraphs 1 through 31 of plaintiff's Complaint as though said answers were fully set forth herein.

33. Denied. This paragraph represents conclusions of law to which no responsive pleading is required.

34. Denied. This paragraph represents conclusions of law to which no responsive pleading is required.

35. Denied. To the extent the averments of this paragraph of plaintiff's Complaint are addressed to answering defendant, answering defendant denies generally and specifically each and every averment contained herein. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments contained in the balance of this paragraph of plaintiff's Complaint, hence, they are denied.

36. Denied. To the extent the averments of this paragraph of plaintiff's Complaint are addressed to answering defendant, answering defendant denies generally and specifically each and every averment contained herein. Answering defendant after reasonable investigation is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments contained in the balance of this paragraph of plaintiff's Complaint, hence, they are denied.

### JURY TRIAL DEMAND

33. No response is required by answering defendant to this paragraph.

### PRAYER FOR RELIEF

WHEREFORE, answering defendant, GECRB, demands judgment in its favor dismissing plaintiff's Complaint with prejudice and such other and further relief as this Court deems just and proper.

### FIRST AFFIRMATIVE DEFENSE

The Complaint herein and each cause of action thereof fails to set forth facts sufficient to state a claim upon which relief may be granted against GECRB and further fails to state facts sufficient to entitle plaintiff to the relief sought or to any relief whatsoever from GECRB.

### SECOND AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims against GECRB are barred by the qualified immunity of 15 USC §1681h(e).

### THIRD AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims against GECRB are barred by the immunity of 15 U.S.C. §1681(t)(b)(1).

### FOURTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims against GECRB are barred because any communications made by GECRB regarding the plaintiff were in good faith and without malice.

### FIFTH AFFIRMATIVE DEFENSE

GECRB is informed and believes and thereon alleges that any purported damages allegedly suffered by plaintiff are the results of acts or omissions of third persons over whom GECRB had neither control nor responsibility.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint and each claim for relief therein is barred by laches.

## EIGHTH AFFIRMATIVE DEFENSE

GECRB is informed and believes and thereon alleges that any alleged damages sustained by plaintiff were at least in part caused by the actions of plaintiff and resulted from the plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by GECRB.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by release.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the doctrine of pre-emption.

## FOURTEENTH AFFIRMATIVE DEFENSE

GECRB is informed and believes and thereon alleges that all of plaintiff's claims for relief in the Complaint herein are barred by the applicable Statute of Limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

The punitive damages claimed and alleged in plaintiff's Complaint violate GECRB's constitutional rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. GECRB further states that plaintiff's Complaint fails to state sufficient facts to support the prayer for punitive damages against GECRB.

### SIXTEENTH AFFIRMATIVE DEFENSE

At all times relevant to the Complaint, GECRB followed reasonable procedures in credit reporting matters.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims against GECRB are barred because any communications made by GECRB regarding plaintiff were privileged and/or true.

### EIGHTEENTH AFFIRMATIVE DEFENSE

GECRB reserves the right to raise additional defenses upon completion of investigation and discovery.

WHEREFORE, answering defendant, GECRB, demands judgment in its favor dismissing plaintiff's Complaint with prejudice and such other and further relief as the Court deems just and proper.

### COUNTERCLAIM

1. Counterclaimant GE Capital Retail Bank ("GECRB"), is a national savings association having a principal place of business at 170 West Election Road, Suite 125, Draper, UT 84020.

2. Upon information and belief, Matthew A. Laffer ("Laffer") is an adult individual residing at 428 North 13th Street, Apartment 3B, Philadelphia, PA.

3. This court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367.

4. On or about January 18, 2004, Laffer made application to Monogram Credit Card Bank of Georgia ("Monogram") for an extension of credit in connection with an Old Navy account.

5. Subsequently thereto, Monogram was merged with and into GE Capital Consumer Card Co. ("GECCCC"). GECCCC simultaneously changed its name to GE Money Bank, n/k/a GECRB.

6. GECRB extended credit to Laffer pursuant to the credit card agreement, the terms of which were provided to Laffer at that time.

7. GECRB performed all obligations pursuant to the agreement and extended credit to Laffer. Presently Laffer is obligated to GECRB in the sum of $1,748.18. A true and correct copy of the most recent statement for the Old Navy account is attached hereto as Exhibit "A".

8. Laffer breached the agreement by failing to pay the aforesaid monies. Although demand for these monies has been made, Laffer refuses and continues to refuse to pay same.

9. GECRB demands interest in accordance with the agreement.

WHEREFORE, GECRB demands judgment in its favor and against Matthew A. Laffer in the amount of $1,748.18 plus interest, attorney's fee and costs.

**LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**

BY: /s/ Regina Cohen
Regina Cohen, Esquire
Attorneys for Defendant,
GE Capital Retail Bank
Suite 500
190 North Independence Mall West
6th & Race Streets
Philadelphia, PA 19106
(215) 627-0303

DATED: July 6, 2012